IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| CLARE LEMASTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 05-CV-04088-C-NKL |
| | ) |
| JOSE PERDOMO, et al., | ) |
| | ) |
| Defendants. | ) |

ORDER

Pending before the Court is Defendants Jose Perdomo ("Perdomo"), John Hemeyer, Russel Benboom, and Cole County's Motion for Summary Judgment [Doc # 6]. For the reasons laid out below, the Court will grant Perdomo's Motion.

This case presents a § 1983 claim by a former inmate at the Cole County Jail stemming from alleged violations of her Eighth Amendment right to be free from cruel and unusual punishment.[1] LeMaster alleges that during her incarceration at the Cole County Jail, she began a sexual relationship with Perdomo, who was one of the guards, in exchange for cigarettes. Perdomo denies these allegations entirely in his answer; however, for the limited purpose of Summary Judgment, he does not dispute LeMaster's

---

[1] Plaintiff Clare LeMaster's ("LeMaster") complaint contains two § 1983 claims, for Eighth Amendment violations and for failure to train/supervise, and a third claim under Missouri state law for Outrageous Conduct. In her Suggestions in Opposition to Perdomo's Motion for Summary Judgment, LeMaster voluntarily dismisses the state law claim.

1

allegations. Thus, the Court will accept LeMaster's version of the facts as true for the purposes of this Motion.

### I. Factual Background

Perdomo served as a jailer at the Cole County Jail where LeMaster was incarcerated on more than one occasion starting near the end of 2000. During her incarceration, Perdomo and other jailers solicited nudity and sexual acts from female inmates, including LeMaster, in exchange for cigarettes, snacks, and other preferential treatment. On more than one occasion during her incarceration, LeMaster and Perdomo engaged in consensual manual sex acts. On one occasion, they engaged in consensual sexual intercourse in the jail. Following LeMaster's release, she and Perdomo spoke several times and had consensual sexual intercourse on two occasions, once at Perdomo's home, and once at her own home. These contacts were often initiated by LeMaster, who at the time believed that she was the only woman with whom Perdomo had sexual contact.

### II. Deposition testimony

During her deposition in a separate action filed by other inmates at the Cole County Jail, *Mueller, et al., v. Kempker, et al.*, Case No. 04-04251-CV-C-NKL, LeMaster testified that all her sexual contact with Perdomo, both in an out of jail, was consensual and that she still loved him "maybe a little bit." LeMaster Dep. 37:4-7, 33:13-15. She testified that she was not harmed by their sexual encounters except as follows: "I guess the only thing that I'm hurt by the most was because I thought he liked me, you know

2

what I mean, and then I, you know, it wasn't just me, I guess." *Id.* at 39:18-24.  She further testified:

> I mean, you know, I'm not saying he did anything to me that I didn't want to happen, you know what I mean, but I can't lie about saying—you know what I'm trying to say? I mean, because these lawyers, they came and talked to me quite a few times, and I told them, you know, I didn't know what they're talking about, I didn't know anything. I really didn't want anything to do with this, but it came down to the point where I was going to have to lie to keep him out of trouble.

*Id.* at 35:6-16.  Finally, she testified that "if it was up to me, I would – you know what I mean, I probably wouldn't be sitting here right now." *Id.* at 39:25–40:5.

In addition to her testimony on the consensual nature of her relationship with Perdomo, LeMaster testified that she did not have any sexual contact with other Cole County jailers while she was incarcerated, and that she did not disclose her sexual contacts with Perdomo to Defendants John Hemeyer, Russel Benboom, or anyone else at the Cole County Jail.  She did not mention her relationship with Perdomo to anyone else before the initiation of the present law suit.

### III. Discussion

To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.  *S.J. v. Kansas City Mo. Pub. Sch. Dist.*, 294 F.3d 1025, 1027 (8th Cir. 2002).  The issue in the present case is whether Perdomo's sexual contact with LeMaster deprived her of a right secured by the Constitution and laws of the United States.  In her complaint, LeMaster alleges a

3

deprivation of her Eighth Amendment right to be free from cruel and unusual punishment.[2]  Since she was a pre-trial detainee rather than a convicted prisoner at the time of the alleged violation, LeMaster's complaint is technically analyzed under the Fourteenth Amendment rather than the Eighth Amendment.  *Crow v. Montgomery*, 403 F.3d 598, 601 (8th Cir. 2005).  However, "under the Fourteenth Amendment, pretrial detainees are entitled to at least as great protection as that afforded convicted prisoners under the Eighth Amendment . . . ."  *Id.* (internal quotation omitted).  Therefore, the Court applies the same standards in pre-trial detainee cases under the Due Process Clause as it does in prisoner condition cases under the Eighth Amendment, Cruel and Unusual Clause.  *Id.*

In order to sustain a claim of cruel and unusual punishment, a plaintiff must prove that (1) the defendant's conduct caused plaintiff objectively serious injury and (2) the defendant acted with deliberate indifference or reckless disregard toward plaintiff's constitutional rights, health, or safety.  *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Freitas v. Ault*, 109 F.3d 1335, 1339 (8th Cir. 1997).  In *Freitas*, the Eighth Circuit clarified that the first prong requires the "unnecessary and wanton infliction of pain."  109 F.3d. at 1338 (citing *Whitley v. Albers*, 475 U.S. 312, 319 (1986)).  The Eighth Circuit went on to hold that "welcome and voluntary sexual interactions, no matter how

---

[2] Lemaster also asserts that Perdomo's conduct violates Mo. Rev. Stat. § 566.145; however, if any rights are given to Missouri inmates by § 566.145, they are not rights secured by the Constitution and laws of the United States.  "[A] violation of state law, without more, does not state a claim under the federal Constitution or 42 U.S.C. § 1983."  *Collins v. Bellinghausen*, 153 F.3d 591, 596 (8th Cir. 1998).  Thus, her action must survive or fail on her constitutional claims.

4

inappropriate, cannot as a matter of law constitute 'pain' as contemplated by the Eighth Amendment." *Id*. at 1339.

In the present case, LeMaster has produced no evidence or even made any allegation that Perdomo forced her to engage in any sexual endeavor against her will. To the contrary, she testified in deposition that their sexual contact was consensual and that Perdomo didn't do anything "that [she] didn't want to happen." Viewing all the evidence in a light most favorable to LeMaster, no reasonable juror could find that Perdomo inflicted any pain on her or deprived her of any rights secured by the Constitution and laws of the United States.

LeMaster argues that a reasonable jury could find that her sexual contact with Perdomo was nonconsensual, notwithstanding her own testimony, because she was mentally coerced and that she plans to show a pattern of abuse. The Eighth Circuit has held that the use of mental coercion by a prison guard to obtain sexual favors can violate an inmate's due process rights. *Rogers v. City of Little Rock,* 152 F.3d 790, 797 (8th Cir. 1998). In the present case, however, LeMaster has offered no evidence of mental coercion or a pattern of abuse. Moreover, she testified that their relationship was consensual more than a year after their last sexual contact, suggesting that LeMaster was free of mental coercion at the time of her testimony. Finally, in the *Rogers* case it was the defendant who claimed consent, a claim the district court judge found incredible because the officer had changed his story on several occasions. In the present case, it is the plaintiff herself who has offered testimony of consent. On these facts, the Court

concludes that no reasonable juror could find that mental coercion deprived plaintiff of her due process rights.

In a final effort to prevent summary judgment, LeMaster argues that Perdomo did not plead consent as an affirmative defense and should be precluded from raising it here. This argument misapprehends the burden allocation in a claim for relief under section 1983. To prevail on a claim of cruel and unusual punishment, "an inmate must . . . prove, as an objective matter, that the alleged abuse or harassment caused pain . . . ." *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997). In other words, the conduct depriving a prisoner of her Eighth Amendment right (or a pre-trial detainee of her due process right) must, at the very least, be unwelcome. The burden of proving a deprivation of constitutional rights–in this case, the burden of proving unwelcome sexual contact–rests with the plaintiff. As one court has observed, "Consensual sex between two adults does not constitute cruel and unusual punishment simply because it occurs within the walls of a prison." *Phillips v. Bird*, 2003 U.S. Dist. LEXIS 22418, at \*19 (D. Del. 2003).

Because LeMaster has not and cannot meet her burden to prove that Perdomo's conduct inflicted pain, the Court need not consider whether there is sufficient evidence that Perdomo acted with deliberate indifference.

**IV. Conclusion**

Viewing the facts in the light most favorable to LeMaster, the Court concludes she has not produced and cannot produce sufficient evidence for a reasonable juror to find that Perdomo violated any right secured by the Constitution or laws of the United States.

6

Perdomo is therefore entitled to judgment as a matter of law.  Since there is no underlying constitutional violation, the Court also concludes that no reasonable juror could find in LeMaster's favor on her failure to train/supervise claim either.  Thus, Defendants John Hemeyer, Russel Benboom, and Cole County are also entitled to judgment as a matter of law.

Accordingly, it is hereby

ORDERED that Defendants' Motion for Summary Judgment [Doc. # 6] is GRANTED.

s/ Nanette K. Laughrey<br>
NANETTE K. LAUGHREY<br>
United States District Judge

Dated:  September 27, 2005
Jefferson City, Missouri